ANDERSON v. RYDER et al.

(Court of Civil Appeals of Texas. Ft. Worth. July 5, 1913. Rehearing Denied Oct. 18, 1913.)

APPEAL AND ERROR (§ 1057*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Error, in an action on a promissory note, in excluding a note offered in evidence on the ground that it was the note alleged in the petition, was not harmless to plaintiff, though defendant admitted execution of the note declared on, and of the payment of which there was no evidence, where the court directed a verdict for defendant, presumably on the theory that there was no evidence upon which judgment for plaintiff could be based.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4194–4199, 4205; Dec. Dig. § 1057.*]

Appeal from Knox County Court; J. H. Milam, Judge.

Action by S. S. Anderson against W. A. Ryder and another. From a judgment for

defendants, plaintiff appeals. Reversed on rehearing, and remanded for new trial.

Jas. A. Stephens and E. R. Howell, both of Benjamin, for appellant. D. J. Brookreson, of Benjamin, for appellees.

DUNKLIN, J. This suit was instituted by S. S. Anderson against W. A. Ryder and J. A. Shaw, on a promissory note for the sum of $250, and from a judgment in favor of defendants the plaintiff has appealed.

It was alleged in the petition that the principal of the note was $250, but by mistake it was written for $200 only, and judgment was sought for $250, with interest and attorney's fees. In addition to a general denial the defendants pleaded payment. A note was offered in evidence by the plaintiff, but was excluded upon objection urged by the defendants on the ground that it was not such a note as alleged in the petition. An examination of the record, we think, makes it very clear that the court erroneously excluded the note. On original consideration we concluded that the error was harmless, in view of the fact that the defendant Ryder testified that he executed the note in controversy, and counsel for defendants admitted in open court that the note sued on was executed for $250. On reconsideration, however, we hardly feel prepared to say that the ruling was harmless, in view of the fact that notwithstanding the admission of the defendant Ryder that he had executed the note as declared upon, and notwithstanding the further fact that there is in the record no evidence of its payment, the judge peremptorily directed a verdict for the defendant, which the judgment followed. The court, having excluded the note, presumably gave the peremptory charge upon the assumption that there was no legal evidence before the court upon which a judgment for the plaintiff could be predicated. The ruling may also account for the fact that defendants offered no evidence of the payment pleaded by them. At all events we feel unable to say that the court's erroneous ruling was without prejudice.

It is accordingly ordered that appellant's motion for rehearing be granted, that our former opinion rendered affirming the judgment be withdrawn, and that the judgment of the trial court be reversed and the cause remanded for another trial.

SPEER, J., not sitting.